(C.R.D. 76-4)

CREATIVE PLAYTHINGS, DIVISION OF CBS, INC. *v.* UNITED STATES

Court No. 73-11-03015

(Dated June 24, 1976)

*Barnes, Richardson & Colburn (Edward F. Christopher* of counsel) for the plaintiff.

*Rex E. Lee,* Assistant Attorney General (*Alan L. Langus,* trial attorney), for the defendant.

MALETZ, Judge: Plaintiff, alleging that its name was inadvertently abbreviated on the entry documents and that the error was followed on the summons filed in this action, has moved to amend the summons by changing the plaintiff's name thereon from "Creative Playthings" to "Creative Playthings, Division of CBS, Inc." Plaintiff asserts that this amendment will not prejudice defendant's rights "since Creative Playthings, Division of CBS, Inc. was at all times the actual plaintiff in this action."

Defendant opposes the motion and has cross-moved to have entries 228509, K167518 and 328312, which are covered by protest No. 1001-3-006912, one of the two protests designated in the summons,[1] severed from this action and dismissed with prejudice as to all claims relating thereto on the grounds that the court lacks jurisdiction of the subject matter and plaintiff lacks standing to maintain the action.

The gravamen of defendant's opposition and cross-motion is that protest No. 1001-3-006912 was filed by "Creative Playthings Inc.," the summons was filed by "Creative Playthings," and the complaint was filed by "Creative Playthings, Division of CBS, Inc." In this connection, defendant relies upon plaintiff's reply to affirmative defense No. 21 of defendant's answer to the complaint, which reply admits that neither "Creative Playthings Inc." nor "Creative Playthings" was a "person" "with respect to the subject matter of the instant action when it filed the protest, or the summons herein, or at

---

[1] The summons also includes protest No. 1001-3-006287, filed in the name of "Creative Playthings (Div. of Columbia Broadcasting) (Systems Inc.)" which covers entry 297693. Although this entry is not involved in defendant's cross-motion to dismiss, it is subject to defendant's opposition to plaintiff's motion to amend the summons.

any time relevant to this action." [2] In this setting, defendant alleges that the protest was invalid and the summons a nullity which did not confer jurisdiction upon this court.

Defendant, citing 28 U.S.C. 1582(a), as amended,[3] also argues, somewhat inconsistently (memorandum, pp. 2–3) that this court lacks jurisdiction because "Creative Playthings" designated on the summons is not the " 'person [i.e., Creative Playthings Inc.] whose protest * * * has been denied * * *' by Customs."

Defendant does not dispute the validity of documents submitted by plaintiff in support of its motion which show that "Creative Playthings, Inc." was incorporated in New York State in 1950; that on July 18, 1966 the corporate name was changed to "Barecap, Inc."; and that on that same day, Columbia Broadcasting System, Inc., a New York corporation, purchased and acquired substantially all of the assets and properties of Barecap, Inc. and Creative Playthings, Inc., including the name of the latter and the right to use the name; "Creative Playthings," among others.

Defendant agrees that "Columbia Broadcasting System, Inc." is the "proper plaintiff herein," but contends that the filing of the protest by the "nonexistent 'Creative Playthings Inc.' '" constitutes a "basic jurisdictional defect" which, in the absence of any proof that "indicate[s] the exact relationship" between the two parties, cannot be remedied by amending the summons (defendant's reply memorandum, p. 2). Defendant claims, in addition (*id.* at 3) that there is no proof that protest No. 1001–3–006912 (filed by plaintiff's counsel) was filed by or on behalf of the proper corporate entity; it also contends that plaintiff is attempting to replace the present caption on the summons with a "deliberate misnomer for plaintiff" (*ibid.*); and that the proposed amended name, "Creative Playthings, Division of CBS, Inc.," is neither the importer, consignee nor authorized agent of the person paying any charge or exaction within the meaning of section 514(b)(1) of the Tariff Act of 1930, as amended (19 U.S.C. 1514(b)(1)).[4] See defendant's memorandum, p. 2.

Plaintiff's response to defendant's charges is that all relevant papers herein "unequivocally" refer to "Creative Playthings, Di-

---

[2] Plaintiff asserts, however, in its reply to affirmative defenses Nos. 13 and 14, that albeit "Creative Playthings, Inc." was erroneously designated on protest No. 1001-3-006912 and "Creative Playthings" was erroneously designated on the summons, both the protest and the summons were "actually filed by Creative Playthings, Division of CBS, Inc."

[3] Sec. 582(a), as amended, provides in pertinent part:

The Customs Court shall have exclusive jurisdiction of civil actions instituted by any person whose protest pursuant to the Tariff Act of 1930, as amended, has been denied, in whole or in part, by the appropriate customs officer. . . .

[4] Sec. 514, as amended, provides in pertinent part:

: . . Except as otherwise provided . . . protests may be filed by the importer, consignee, or any authorized agent of the person paying any charge or exaction, or filing any claim for drawback, or seeking entry or delivery, with respect to merchandise which is the subject of a decision in subsection (a) of this section.

vision of CBS, Inc." as plaintiff and that at all times the Bureau of Customs (since redesignated the Customs Service) and the Assistant Attorney General's Office (Department of Justice) were aware of the proper plaintiff herein.

Against this background of charges and countercharges, the court turns for enlightenment to the documents and other papers comprising the official files in the entries herein.

It is noted that entry No. K167518, entered September 18, 1972, and entry No. 228509, entered October 10, 1972, list the importer of record as "Creative Playthings" and that the commercial invoice accompanying each of these entries lists the purchaser as "Creative Playthings Inc." Both entries are covered by Term Bond No. 113–31686. The Carrier's Certificate in entry K167518 lists the "owner/consignee" as "Creative Playthings" and the Special Customs Invoice accompanying entry 228509 also lists the purchaser as "Creative Playthings." The bill of lading in the latter entry is made out to the order of "Taub, Hummel & Schnall, Inc.," customhouse brokers. The file in entry 228509 also contains an Application and Special Permit for Immediate Delivery (Customs Form 3461), dated September 20, 1972, which states that the merchandise is to be entered in the name of "Columbia Broadcasting System Inc Creative Playthings Div". The application also states: "Term Bond No. 113–31686 on file in the name of Columbia Broadcasting System Inc as principal, for the period beginning 10/1/71 and ending 9/30/72. $100,000." The "signature of owner, consignee, or agent" is shown in type as "Columbia Broadcasting System Inc. Creative Playthings Div.," followed by an illegibly written signature of its "atty." Notations on the bill of lading and the back of the commercial invoice show that the merchandise was released prior to entry on September 26, 1972. It is also observed that according to the notation on the Carrier's Certificate and the back of the commercial invoice, one piece covered by entry K167518 was released on September 7, 1972, also prior to entry.

The abovementioned immediate delivery permit (Customs Form 3461) issued in connection with the merchandise covered by entry 228509 acquires special significance in light of defendant's claim. For one thing, it indicates that the term bond (No. 113–31686) under which both this entry and entry K167518 were entered was in the name of "Columbia Broadcasting System Inc.," as "principal" [5] and

---

[5] In this connection, we refer to section 8.28(a) of the Customs Regulations in effect during this period (19 C.F.R. 8.28(a) (1972)), which provided, in pertinent part, that—

   (a) When the *importer* desires the release from customs custody of any part of the merchandise before (1) the full amount of duties, including dumping or other special duties and charges, due thereon or the right to free entry has been ascertained by liquidation of the entry, (2) the right of such merchandise to admission into the United States has been determined by the proper officer, or (3) any document relating thereto required by law or regulations has been furnished, he shall, except as hereinafter indicated, file a bond on Customs Form 7551, 7553, or other appropriate form, at the time of entry or prior to such release. . . . [Emphasis added.]

Thus, the term bond filed with Customs was in the name of the *importer*.

that the application for immediate delivery was signed by the attorney for "Columbia Broadcasting System Inc. Creative Playthings Div." as the owner, consignee or agent. Thus, there is no question that the relationship between "Creative Playthings" and "Columbia Broadcasting System Inc." was on record with and known to Customs and that the importer filing the bond was listed therein as "Columbia Broadcasting System Inc."

Another salient aspect of the immediate delivery permit is the requirement governing its issuance, as set forth in section 8.59 of the Customs Regulations then in effect (19 C.F.R. 8.59 (1972)), which provided, in pertinent part:

> (a) Whenever the issuance of a special permit for delivery pursuant to section 448(b), Tariff Act of 1930, is necessary in order to avoid unusual loss or inconvenience to the importer or to the carrier bringing the merchandise to the port, or more effectively to utilize customs manpower or to eliminate or reduce congestion on docks at airports, or other places, such a permit may be issued for the release of any perishable article or any other article for which delivery can be permitted with safety to the revenue, upon appropriate application, as hereinafter provided.

\*    \*    \*    \*    \*    \*    \*

> (c) Applications for special permits for the delivery of imported articles prior to entry therefor shall be made in duplicate on Customs Form 3461, and shall be supported by evidence satisfactory to the district director of customs *of the right of the applicant to make entry for the articles with respect to which the application is filed.* . . . [Emphasis added.]

Therefore, insofar as the merchandise covered by entry 228509 is concerned, the Bureau of Customs was not only satisfied as to the "right of the applicant to make entry for the articles," it allowed that applicant to make entry in the name of "Creative Playthings," with full knowledge that the "principal" was "Columbia Broadcasting System Inc." and that the consignee was "Columbia Broadcasting System, Inc. Creative Playthings Div." [6] In other words, the aforesaid names were used interchangeably in the customs transaction involved in entry 228509 with both the knowledge and consent of the Bureau of Customs.

Inasmuch as entry K167518 was covered by the same term bond, and the same principal was designated therein, it appears that a like situation existed therein regarding the designation of "Creative Playthings" rather than "Columbia Broadcasting System Inc." as importer of record; that is, entry was made under the former name with the knowledge and consent of Customs.

---

[6] It must be emphasized that defendant does not suggest nor does the court find any evidence whatsoever of any impropriety with respect to the entering of the merchandise involved in this action.

Turning to entry 328312, which is also the subject of defendant's cross-motion, it is noted that the importer of record is listed as "Creative Playthings Inc", and that the commercial and special customs invoices list the purchaser, respectively, as "Creative Playthings Inc." and "Creative Playthings." The entry was made under Term Bond No. 113–34590, and an immediate delivery permit (Customs Form 3461) was also issued in connection with this shipment. The application for immediate delivery states that the merchandise is to be entered in the name of "Columbia Broadcasting System Inc. Creative Playthings" and refers to "Term Bond No. 113–34590 on file in the name of Columbia Broadcasting System Inc. and its Div. Creative Playthings as principal, for the period beginning 10/1/72 and ending 9/30/73." The merchandise was released prior to entry on December 19, 1972. Accompanying this entry is an Entry Record document (Customs Form 5101) signed by "Creative Playthings Inc. Taub Hummel & Schnall, Inc. Atty." [7]

Thus, as in the case of the other two entries, the relationship between "Columbia Broadcasting System, Inc." and "Creative Playthings" was clearly set forth in the official papers. It therefore must be concluded that when entry was made (subsequent to the release of the merchandise) in the name of "Creative Playthings, Inc." the Bureau of Customs was well aware of the identity of the importer of record. [8]

In short, it is seen that the term bonds covering the three entries in issue were filed with the Bureau of Customs by the importer either as "Columbia Broadcasting System Inc." or "Columbia Broadcasting System Inc. and its Div. Creative Playthings." Accordingly, the entries in question were filed, not by "nonexistent" persons, which would be the case if one were to pursue defendant's logic, but by or on behalf of a very real corporate entity, using an abbreviated version of its name. [9] Hence, whether the entity with which it was dealing was listed as "Creative Playthings," "Creative Playthings Inc.," or, more

---

[7] This document shows January 4, 1973 as the date of entry, although on the protest and summons the date of entry is listed as 12/29/72. No explanation is given for the discrepancy in these dates.

[8] It is to be noted that entry 297693, dated December 5, 1972, which, as previously indicated, is covered by protest 1001-3-006287, also involved in this action, but *not* the subject of defendant's cross-motion, lists "Creative Playthings Div of Columbia Broadcasting System Inc." as importer of record. The commercial and special customs invoices covering this entry name the purchaser, respectively, as "Creative Playthings Inc." and "Creative Playthings." The term bond number is listed as 113-31686 on the consumption entry but is given as 113-34590 (the same as in entry 328312) on the accompanying Application and Special Permit for Immediate Delivery (Customs Form 3461). The application lists the consignee as "Columbia Broadcasting System Inc. Creative Playthings" and states: "Term Bond No. 113-34590 on file in the name of Columbia Broadcasting System Inc. and its Div. Creative Playthings as principal, for the period beginning 10/1/72 and ending 9/30/73." The "owner, consignee or agent" is listed as "Columbia Broadcasting System, Inc. Creative Playthings." The merchandise was released on November 24, 1972.

[9] Significantly, defendant does not question the entry of the merchandise in the name of "Creative Playthings" or "Creative Playthings Inc."

appropriately, "Creative Playthings Div. of Columbia Broadcasting System Inc.," the Bureau of Customs was fully cognizant throughout these transactions of the identity of the party entering the merchandise and filing the protests herein, or on whose behalf these actions were undertaken.

Furthermore, any doubt remaining as to the relationship between the parties designated on entries 328312, 228509 and K167518, on protest No. 1001-3-006912, and on the summons is cleared up by reference to the "importer's number" appearing on both protests herein. On this aspect, section 24.5 of the Customs Regulations then in effect (19 C.F.R. 24.5, 1972) provided, in pertinent part that—

> (a) Each person, business firm, Government agency, or other organization shall file Customs Form 5106, Notification of or Application for Importer's Number or Notice of Change of Name or Address, with the first dutiable formal entry which he submits or the first requests for services that will result in the issuance of a bill or a refund check upon adjustment of a cash collection.
>
> (b) The number to be used when filing Customs Form 5106 shall be . . . . *This number shall be used in all future customs transactions when an importer number is required.* . . . [Emphasis added.]

In addition, section 174.13(2) of the Customs Regulations then in effect (19 C.F.R. 174.13(2), 1972) required the protest to set forth "[t]he importer number of the protestant." And on this score, protest 1001-3-006912 ("Creative Playthings Inc.")—which is here under challenge—and protest 1001-3-006287 ("Creative Playthings (Div. of Columbia Broadcasting) (Systems Inc.)"), both of which are cited on the summons herein, list the same importer number— 13-0590730. It follows from this that the presence of the identical importer number on both protests should have alerted defendant (or its counsel) to the fact that the same firm, albeit using variants of its name, was involved in these transactions.

Accordingly, while the better practice would have been to have utilized the full name of the importer and to have included "Columbia Broadcasting System, Inc." as the protesting party on protest No. 1001-3-006912, in view of the known identity of the protestant and the listing of its importer number, we find no basic jurisdictional defect in the fact that only "Creative Playthings Inc." is shown thereon. At the most, failure to include "Columbia Broadcasting System, Inc." was technical error, and the government has suffered no administrative burden or prejudice from the manner in which that protest was filed. We therefore conclude that the protest comports with the requirements of section 514, *supra.* As our appellate court has observed recently, section 514 should be liberally construed in the furtherance

of justice. *United States* v. *Wedemann & Godknecht, Inc. a/c Atwater Throwing Co.*, 62 CCPA 86, 515 F.2d 1145, C.A.D. 1151 (1975). Although the designations shown on the protest and the summons may have been the result of carelessness, in the words of *Wedemann*, 62 CCPA at 92, "the penalty should fit the crime," and the importer-plaintiff "should not have to foot the bill for improving professionalism in the customs bar and among brokers." *Ibid.*

Similarly, with respect to the summons filed herein, although the caption thereon is incomplete, we do not find, in view of the known identity of the party named thereon, that it is jurisdictionally defective.

For the reasons stated, defendant's motion to sever and dismiss entries 228509, K167518 and 328312 is denied.

However, on plaintiff's motion to amend the summons, we find on this record that "Creative Playthings" is a division of *"Columbia Broadcasting System, Inc.,"* not "CBS, Inc." There is no evidence of record to indicate the existence of "CBS, Inc." as a corporate entity or as the importer of record herein. Plaintiff's motion is therefore denied without prejudice to its renewal upon a proper showing.