FIRSTMISS, INC., PLAINTIFF, *v.* UNITED STATES, DEFENDANT

Court No. 84-1-00013

*Thomas P. Ondeck, Esq.,* for plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, and *Velta A. Melnbrencis, Esq.,* for defendant.

(Dated March 6, 1984)

*Opinion and Order*

RESTANI, *Judge:* This matter is before the court on plaintiff's motion of February 7, 1984 for leave to file an amended summons to substitute FirstMiss, Inc. for First Mississippi Corporation as the plaintiff in this action.

The relevant facts are as follows: On November 28, 1983 the Commerce Department published its final determination under the antidumping laws with regard to elemental sulphur imported from Canada. 48 Fed. Reg. 53,592 (1983). First Mississippi Corporation, which provided oral testimony and filed a post-hearing brief in the administrative proceedings, filed a summons in this court on December 23, 1983 challenging the determination.[1] This summons was timely under 28 U.S.C. § 2636(c) (Supp. V 1981). The importer of the entries subject to the determination being challenged is FirstMiss, Inc., a wholly-owned subsidiary of First Mississippi Corporation.

Rule 3(d) of this court allows the amendment of a summons unless "material prejudice would result to the substantial rights" of a party.[2] There is little judicial guidance on the meaning of Rule 3(d), but there is an obvious intent reflected in the words of the rule to allow substance to prevail over form. The essential factors to be considered here are not the technical use of the proper name of a party, but whether there was substantial compliance with the applicable statutes and rules. If there was such substantial compliance there can be no prejudice to defendant within the meaning of Rule 3(d).

First, in order for plaintiff to prevail the amended summons must relate back to the original filing date because the new summons is outside the 30-day time limit of 28 U.S.C. § 2636(c). Rule

---

[1] FirstMiss, Inc. alleges in its amended summons that it participated in the administrative hearing. The court assumes that it is referring to the participation in the name of First Mississippi Corporation by agents of First-Miss, Inc.

[2] A civil action challenging a final determination of the Commerce Department under the antidumping laws is commenced by filing a summons, to be followed by a complaint. 28 U.S.C. § 2632(c) and 19 U.S.C. § 1516a(a)(2).

15(c) governs relation back of amendments of complaints, but Rule 3(d) is silent on this point. Nonetheless, the court finds that the relation back doctrine is implicit in Rule 3(d). To construe Rule 3(d) otherwise would render it a nullity.

Furthermore, in interpreting Fed. R. Civ. P. 15(c)[3] the courts have held that relation back is appropriate even where the applicable statute of limitations is a jurisdictional bar, if no new claim is being asserted by way of the amendment. As stated in *Wadsworth* v. *United States Postal Service,* 511 F.2d 64, 66 (7th Cir. 1975):

> The time bar is jurisdictional, but the jurisdictional requirement was satisfied by the timely filing of suit for the full amount of the claim, and jurisdiction is not disturbed by an amendment correcting parties.

In this case, the claim of FirstMiss, Inc. is identical to that of First Mississippi Corporation, so that no jurisdictional defect exists on account of the post-statute of limitations amendment.

Second, it is essential that FirstMiss, Inc. have participated in the administrative proceedings. 28 U.S.C. § 2631(c). *Matsushita Electric Industrial Co.* v. *United States,* 2 CIT 254, 529 F.Supp. 664 (1981). The question of whether FirstMiss, Inc. participated in the administrative proceedings raises the same questions as are raised by the proposed amendment to the summons. The confusion between two corporate forms is reflected in the style of plaintiff's submission in those proceedings, just as it is reflected in the original summons here.

This case bears resemblance to *Creative Playthings, Division of CBS, Inc.* v. *United States,* 76 Cust. Ct. 282, C.R.D. 76–4 (1976) where this court found that the Bureau of Customs was aware of the identity of the party entering the merchandise under consideration and found a protest to be valid despite the use of the wrong name on the protest. There are distinctions between that case and this one because protest procedures focus on specific entries. Furthermore, the importer number must be stated in the protest. 19 C.F.R. 174.13(a)(2). It is therefore easier to identify the party making the protest, even in the presence of name confusion. Although specific entries are affected, the proceedings leading to a final antidumping determination of the Commerce Department focus on economic questions concerning imports of a certain product during a specific time period. Reference to all affected entries is not necessarily made during the proceedings; therefore it is difficult to impute specific knowledge of participation by FirstMiss, Inc. to defendant. Nonetheless, in this case, it appears to the court that the defendant should have known that the agents of First Mississippi Corporation who were participating in the proceeding were participating on behalf of FirstMiss, Inc., since FirstMiss, Inc. was

---

[3] The differences between CIT Rule 15 and Fed. R. Civ. P. 15 are immaterial here. Because a summons in this court serves some of the functions of a complaint in district court, the cases interpreting Fed. R. Civ. P. 15 are relevant.

the entity which made the relevant entries and First Mississippi Corporation made no entries. It is extremely unlikely that defendant would have taken any different action in the proceedings if the name FirstMiss, Inc. rather than First Mississippi Corporation had been used in the proceedings, and the adverse consequences described in the *Matsushita* case could not result here. Thus, defendant is not prejudiced by a finding that FirstMiss, Inc. actually participated in the administrative proceedings.

Rule 15 of this court and Fed. R. Civ. P. 15 both provide that leave to amend "shall be freely given when justice so requires."

In interpreting a similar rule in the context of an amendment by petitioner to add the claim of another Indian tribe the predecessor of the Court of Appeals for the Federal Circuit stated:

> In the present case, the amendment appears to introduce a new party and a new cause of action. The general rule, as defendant points out in a review of a spate of cases, is that the rule of relation back does not extend to amendments that add new parties or causes of action. [Citations omitted.] But stating the general rule is not too helpful here, for it simply states a conclusion. Each case must be tested by the "conduct, transaction, or occurrence" standard to determine whether adequate notice has been given.[4]

*Snoqualmie Tribe of Indians* v. *United States,* 372 F.2d 951, 961 (Ct. Cl. 1967).

Likewise, in interpreting Fed. R. Civ. P. 15(c) as it applies in tort actions, the courts have allowed additional parties, after the running of the statute of limitations, to assert new claims arising out of the same accident giving rise to the original plaintiff's claim. *See e.g. Williams* v. *United States,* 405 F.2d 234, 237–238 (5th Cir. 1968) (mother's claim for loss of services added), and *Hockett* v. *American Airlines,* 357 F.Supp. 1343, 1347–1348 (N.D. Ill. 1973) (wife's loss of consortium claim added). The decisions in these cases hinge on the principle that only one transaction is involved and that defendant is not prejudiced by the addition of the claim of the new party because defendant should have known that such claims would be involved in the action. The same rationale was applied in *Brauer* v. *Republic Steel Corp.,* 460 F.2d 801, 804 (10th Cir. 1972). In that case plaintiff, a purchaser of a pipe which ruptured, sued the pipe manufacturer for breach of warranty and negligence. The pipe was purchased for use on oil producing land owned by the parties seeking to join as plaintiffs. The court employed the "same transaction" analysis as well as an identity of interest analysis to allow the addition of a negligence claim on which the statute of limitations had run as to the new parties. As stated in *Williams* v. *United States, supra* at 238: "[W]hen it comes to a late effort to introduce a new party, * * * [n]ot only must the adversary have had notice of the

---

[4]Although the court found that the Snoqualmie Tribe in its representative capacity was not a new party, the standard set forth is the proper one to be applied in considering both additions of claims and parties.

operational facts, but it must have had fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in."

*Creative Playthings, supra,* as well as applying to mistakes in the name on a protest, applies to mistakes in naming a party plaintiff in a summons. The knowledge of the defendant as to the real party-in-interest led the court to allow the amendment of the summons. Just as in this case, defendant had adequate notice of the identity of the real party plaintiff.

The court also finds that it is important to weigh competing equities in a case involving technical defects. In *Zenith Radio Corp.* v. *United States,* 5 CIT 178 (1983), the court allowed three members of an organization to be substituted for the organization which lacked standing to sue. The court found that a flexible approach was needed to deal with the new type of proceedings at hand, and participation of genuinely interested parties outweighed other considerations.

We find the cases cited by defendant dealing with the addition of new defendants (*e.g. Ringrose* v. *Engelberg Huller Co.,* 692 F.2d 403 (6th Cir. 1982)) or claims (*e.g. Nakajima All Co.* v. *United States,* 2 CIT 170 (1981)) inapposite. In this case, FirstMiss, Inc. will be substituted as plaintiff for First Mississippi Corporation and it will assert the same claim which the original plaintiff asserted. There is no surprise involved here. The motion to amend coming early on in this case is timely. Any prejudice to defendant is minimal and is outweighed by plaintiff's interests and substantial compliance with applicable statutes and rules. The motion to amend is granted and the clerk is directed to substitute FirstMiss, Inc. as the plaintiff in these proceedings.