AMERICAN GRAPE GROWERS ALLIANCE FOR FAIR TRADE, PLAINTIFF
v. UNITED STATES, DEFENDANT

Court No. 84-4-00575

Before WATSON, *Judge.*

(Decided June 26, 1984)

Law Offices of Max N. Berry (*Max N. Berry* and *Marsha A. Echols* of counsel) for movants.

Heron, Burchette, Ruckert & Rothwell (*Thomas A. Rothwell, Jr.* of counsel) for plaintiffs.

WATSON, *Judge:* The French Federation of Wine and Spirits Exporters (the Federation) has moved to intervene in this judicial review as an interested party who was a party to the administrative proceeding within the meaning of 19 U.S.C. § 1516a(d).

Plaintiffs oppose the motion on the ground that an association of exporters does not fit the definitions of the term "interested party" set out in Section 771(9) of the Trade Agreements Act of 1979 (19 U.S.C. § 1677(9)).[1]

The motion is denied without prejudice to its renewal on a showing that *all* the members of the Federation are exporters of merchandise which was the subject of the investigation under review in this action.

If the Federation has members who are not exporters of merchandise which was the subject of this investigation, it will not fit the definition of "interested party" because it contains members who could not individually be interested parties. For that situation, Congress has made an exception only for *importers* when they are the majority of the members of a trade or business association. From this it can be deduced that in the case of exporters, only an association made up *solely* of exporters of the merchandise involved in the administrative proceeding can be an "interested party" within the meaning of 19 U.S.C. § 1677(9).

If, on the other hand, the Federation is merely the multiplied form of a single exporter, there is no reason to suppose that the law wanted to condition the standing of exporters whose products are the subject of an investigation on whether they acted singly or

---

[1] 19 U.S.C. § 1677. Definitions; special rules

\* \* \* \* \* \* \*

(9) Interested party. The term "interested party" means—

    (A) A foreign manufacturer, producer, or exporter, or the United States importer, of merchandise which is the subject of an investigation under this title or a trade or business association a majority of the members of which are importers of such merchandise,

    (B) The government of a country in which such merchandise is produced or manufactured,

    (C) A manufacturer, producer, or wholesaler in the United States of a like product,

    (D) A certified union or recognized union or group of workers which is representative of an industry engaged in the manufacture, production, or wholesale in the United States of a like product, and

    (E) A trade or business association a majority of whose members manufacture, produce, or wholesale a like product in the United States.

jointly. In point of fact, the unified appearance of those who could appear separately would be an administrative and judicial convenience.

An association whose members have a uniform interest is distinguishable from the case in which an individual enterprise (which would be an interested party on its own) has joined with disparate parties (whose product is not being investigated) to form an association and the *association* wants to intervene. That creature is more than a simple multiple of an "interested party" and does not fit the definition. *See, Matsushita Electric Industrial Co. Ltd., et al.* v. *United States, et al.,* 2 CIT 254, 529 F. Supp. 664 (1981). *See also, Zenith Radio Corp., et al.* v. *United States,* 5 CIT 155 (1983), *Zenith Radio Corp., et al.* v. *United States,* 5 CIT 178 (1983).

It should be pointed out that the alternative of permissive intervention is unavailable here, as is evident from 28 U.S.C. § 2631(j)(1)(B).[2]

The Court notes the possibility of an application to appear as *amicus curiae* if the requirements of intervention cannot be met.

For the reasons stated above, the motion to intervene is DENIED, without prejudice.

---

[2] § 2631. Persons entitled to commence a civil action

* * * * * *

(j)(1) Any person who would be adversely affected or aggrieved by a decision in a civil action pending in the Court of International Trade may, by leave of court, intervene in such action, except that—

* * * * * *

(B) *in a civil action under section 516A of the Tariff Act of 1930 [19 U.S.C. § 1516a], only an interested party who was a party to the proceeding in connection with which the matter arose may intervene, and such person may intervene as a matter of right.* * * * [emphasis supplied]